IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ELIU TOSSAS-CASTRO, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>MIGUEL A. MERCED-TORRES, ET AL.,<br><br>Defendants. | CIV. NO.: 14-1419(GAG/SCC) |

**MEMORANDUM AND ORDER**

In April 2014, Defendant Miguel A. Merced-Torres was indicted on numerous counts of wire fraud and identity theft. Crim. No. 14-293(JAG), Docket No. 3. In September 2014, Merced pled guilty, and as part of his plea agreement, Merced agreed to forfeit a substantial amount of personal property, several vehicles, and certain real property. Crim. No. 14-293, Docket No. 41. The Court granted a preliminary order of forfeiture with regard to that property, Crim. No. 14-293, Docket No. 61, and the Court sentenced Merced pursuant to

TOSSAS-CASTRO v. MERCED-TORRES                                    Page 2

the plea agreement, Crim. No. 14-293, Docket No. 116. The forfeited property was named in the judgment against Merced. *Id.* at 7–8. As part of its judgment, moreover, the Court explained that a judgment of restitution would be entered at a later date. *Id.* at 5.

After Merced pled guilty, Plaintiffs Eliu Tossas-Castro, Esteban Tossas-Castro, and Norman Colón-Córdova, sued Merced and others. Docket No. 1. Plaintiffs alleged that they had been victims of one of Merced's fraudulent schemes and sought damages. *Id.* None of the defendants answered Plaintiffs' suit, and the Clerk entered default. Docket No. 7. After a default damages hearing, a magistrate judge recommended that judgment be entered in favor of the plaintiffs in the total amount of $1,648,500. Docket No. 21, at 10. The presiding district judge adopted the magistrate's recommendation, Docket No. 22, and judgment was entered accordingly, Docket No. 23. Plaintiffs then sought to execute the judgment in their favor. Among other things, they sought to execute as to any cash or property belonging to the defendants and held by the FBI or the Secret Service. Docket No. 24, at 3. The presiding district judge granted Plaintiffs' motion, Docket No. 25, and a writ of execution issued, Docket No. 26.

Now, the Government has appeared seeking to intervene in this case and asking the Court to vacate its execution order. Docket No. 33. In essence, the Government takes the position that the property it holds that relates to Merced is subject to forfeiture proceedings, and title has vested in the United States; thus, the plaintiffs cannot recover that property to satisfy their judgment against Merced. *Id.* The plaintiffs have not opposed the Government's motion; the plaintiffs have thus waived their objections. Loc. Civ. R. 7(b). For the reasons I explain below, I permit the Government to intervene and vacate the execution order.

The Government seeks intervention as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or, in the alternative, permissive intervention pursuant to Rule 24(b). The Government does not explain why either of these provisions apply, but it is obvious enough. Rule 24(a)(2) gives a party a right to intervene if it "claims an interest relating to the property . . . that is the subject of the action," such that adjudicating the action without the party's presence might "as a practical matter impair or impede the movant's ability to protect its interest." Here, of course, the Government claims to be the owner of the property targeted by the execution order. Intervention under

Rule 24(a)(2) is thus appropriate and is allowed. *See Alejandro-Ortiz v. P.R. Elec. Power Auth.*, Civ. No. 10-1320(SCC), 2014 WL 4260672, at *1–3 (D.P.R. Aug. 28, 2014) (permitting intervention as of right to challenge the distribution of judgment funds).

The property the Government seized from Merced was forfeitable pursuant to 18 U.S.C. § 981(c)(1)(C), and, pursuant to 28 U.S.C. § 2461(c), it was ordered forfeited in the criminal judgment against Merced. Thus, the property is no longer Merced's; it is the Government's, retroactive to the time of the offense giving rise to the forfeiture. 18 U.S.C. § 981(f) ("All right, title, and interest in property . . . shall vest in the United States upon commission of the act giving rise to forfeiture . . . ."). If the plaintiffs wish to claim an interest in Merced's forfeited property, they must follow the procedures set forth in 21 U.S.C. § 853(n)(2) and Federal Rule of Criminal Procedure 32.2(c).[1] If they wish to seek restitution out of the forfeited

---

1. As the Government points out, however, Docket No. 33, at 5, the plaintiffs may not be able to assert an interest in Merced's forfeited property, as they are general, unsecured creditors who cannot challenge the underlying forfeiture. *See United States v. Eldick*, 223 F. App'x 837, 839–40 (11th Cir. 2007). *But see United States v. Emor*, 785 F.3d 671, 678–79 (D.C. Cir. 2015) ("Congress designed criminal forfeiture to punish criminal defendants, not crime victims, and clearly did not contemplate section 853(c) being used to defeat a victim's

TOSSAS-CASTRO v. MERCED-TORRES                    Page 5

property, they must seek mitigation or remission pursuant to 21 U.S.C. § 853(i)(1).

For these, I GRANT the United States's unopposed motion to intervene as of right, and I VACATE the Court's writ of execution, Docket No. 26, to the extent that it authorizes execution against the United States or its instrumentalities.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13th day of July, 2015.

      S/ SILVIA CARREÑO-COLL

      UNITED STATES MAGISTRATE JUDGE

---

property interest."). In any case, using a separate lawsuit as a vehicle to secure all of Merced's forfeited assets would prejudice Merced's other victims, who likewise deserve restitution. *Cf. United States v. Frykholm*, 362 F.3d 413, 417 (7th Cir. 2004) ("Costwold cannot enjoy any priority over the other victims and cannot reap a profit while Frykholm's other creditors go begging.").